UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GROUP DEKKO, INC. and FURNLITE, INC., )<br>)<br>    *Plaintiffs,*   )<br>)<br>VS.               )<br>)<br>METRO LIGHT & POWER, LLC,   )<br>)<br>    *Defendant.*   ) | Civil Action No. 1:23-cv-465 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Group Dekko, Inc. ("Dekko") and Furnlite, Inc. ("Furnlite"), by counsel, for their Complaint for Declaratory Judgment against Defendant, Metro Light & Power, LLC ("Metro"), allege as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment that Plaintiffs are not liable for alleged trade dress infringement under the Lanham Act and that the claims of Metro to the contrary are invalid. This action relates to in-surface power distribution units and power supply products manufactured by Furnlite on behalf of Dekko and similar products manufactured by Metro. Metro seeks to prevent Dekko and Furnlite from continuing to sell their products and have threatened to sue. The Court should enter a judgment that the Plaintiffs do not violate Metro's rights.

## THE PARTIES

2. Dekko is a corporation organized and existing under the laws of the State of Indiana, having a principal place of business at 7310 Innovation Boulevard, Suite 104,

Fort Wayne, Indiana 46818, USA. Dekko is engaged in, among other things, the design and production of power charging and data systems, industrial and commercial indoor lighting solutions, and the manufacture of electrical components and assemblies for medical equipment, transportation, industrial and white goods products.

3.  Furnlite, Inc. is a corporation organized and existing under the laws of the State of North Carolina, having a principal place of business at 344 Wilson Drive, Lawndale, North Carolina 28090, USA. Furnlite is engaged in the design and manufacture of furniture power distribution units and power supply products. Furnlite is a subsidiary of Dekko.

4.  Upon information and belief, Metro Light & Power, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 98 Copley Avenue, Teaneck, New Jersey 07666-4104, USA. Upon information and belief, Metro was incorporated in 2015. Upon information and belief, Defendant is engaged in the design and manufacture of furniture power distribution units and power supply products.

## JURISDICTION AND VENUE

5.  This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.; the Lanham Act, 15 U.S.C. § 1051 *et seq*. and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question) and 15 U.S.C. § 1125(a).

7.  This Court has personal jurisdiction over Metro because, among other things, Metro has purposely availed itself of the rights and benefits of the laws of the State of Indiana by engaging in systematic and continuous contacts with the state such that it should reasonably anticipate being brought to court here. Metro regularly does and solicits business in Indiana

and, upon information and belief, this judicial district.  As further alleged below, Metro markets, offers for sale, sells, and/or distributes goods to customers residing in Indiana and in this judicial district.  As such, Metro has minimum contacts with this forum.

8. Venue is this district is proper pursuant to 28 U.S.C. § 1391 as Metro transacts business in this district and a substantial part of the events giving rise to Plaintiffs' claims occurred and are continuing to occur in this district.

## STATEMENT OF FACTS

9. Dekko designs and manufactures in-surface power distribution units and power supply products through its subsidiary, Furnlite. Said units feature linearly arranged power receptacles and data ports and utilize a sleek bezel.

10. Such in-surface power distribution units are manufactured and sold by numerous entities that compete with both Dekko and Metro and are commonly used and integrated into office and commercial furniture as part of an integrated electrical system.

11. Below is an image of a Furnlite in-surface power distribution unit:



12. Dekko has obtained several design patents on the ornamental appearance of power distribution units and power supply products including, for example, US Design Patent Nos. D755,128; D755,129; D808,339; D812,009; D856,937; D948,445; D948,446; and D948,447. Those design patents include linearly arranged power receptacles and data ports and

utilize a sleek or thin bezel and are either surface mount modules or clamp-on work surface modules. These Dekko patents are attached herewith as **Exhibit A**.

13. US Design Patent Nos. D755,128; D755,129; and D808,339 were filed by Dekko between 2014 to 2016, and each show a thin profile bezel. US Design Pat. Nos. D948,445; D948,446 and D948,447 illustrate the long and continuous line of design patents owned by Dekko for work surface modules with "thin profile bezels". Each of these patents show various configurations of surface mount modules with thin profile bezels, some surrounding the periphery while others also extend between the various linear components.

14. Other third party competitors in the industry have also been making work surface electrical modules with a "thin" bezel or faceplate surrounding linearly arranged electrical components. For example, reference is made to the following patents: US 2004/0082334 (2003; Figs. 26-29); US 2010/0209058 (2008; Fig. 20); US 10,070,736 (2016; Figs. 2-4); CN 204130785 (2014; Figs. 1-2); and CN 205543455 (2016; Fig. 3). Any alleged trade dress protection of Metro is based upon the appearance of the product(s); thus, verified translations of the foreign patents are not believed to be necessary. These third party competitor patents are attached herewith as **Exhibit B**.

15. Upon information and belief, Metro was established in 2015 and commenced releasing power distribution units in 2016.

16. Metro designs and manufactures similar in-surface power distribution units and power supply products.

17. On August 15, 2023, Metro, through its attorney Danielle Healy, sent a cease and desist letter to Dekko, addressed to its President and Chief Executive Officer, David Burnworth, a copy of which is attached as **ExhibitC**. The letter included the following statements, alleging that Dekko's Furnlite products "copy, or are so close in design to, Metro's Bezel products, that

they appear to be part of Metro's Bezel product line . . . Your product is causing confusion with Metro products (e.g., slim diminutive exterior trim, flush-with-surface mounting method, narrow case and sleek design." Metro accused Furnlite of infringing upon Metro's trade dress, causing consumer confusion, and potentially, violating 15 U.S.C. § 1125(a)(1).

18. By letter dated August 31, 2023, Dekko, through its attorney Todd Taylor, responded to the letter of **Exhibit C**, denying that its product infringed upon any trade dress, caused consumer confusion or otherwise violated federal law. Dekko asserted that its own design patents, some of which predated the formation of Metro, included sleek bezels and linear design among other design elements and asserted that trade dress protection is not available for functional features of a product. A copy of Dekko's letter is attached as **Exhibit D**.

19. Metro has demanded that Dekko and Furnlite cease the production and sale of their products and have threatened to sue to enforce their alleged trade dress protection.

**COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADE DRESS**

20. Dekko and Furnlite repeat and incorporate by reference the allegations of paragraphs 1-19 above as if fully set forth herein.

21. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

22. An actual and substantial controversy exists between Dekko, Furnlite and Metro as to whether Dekko and Furnlite have infringed upon, or are infringing upon, Metro's alleged trade dress. Metro alleges trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1). Dekko and Furnlite have denied any wrongdoing. The dispute between Dekko, Furnlite and Metro is substantial, definite, concrete, immediate, and not hypothetical.

23. Metro does not have a valid trade dress as the products are not distinctive to Metro and do not act as a source identifier.

24. Because Metro does not have a valid trade dress, the products designed and manufactured by Dekko and Furnlite do not infringe.

25. Metro has not used any distinctive exterior trim, flush-with-surface mounting method, narrow case or sleek design trade dress for its products in interstate commerce.

26. The products designed and manufactured by Metro do not contain inherently distinctive design and have not acquired distinctiveness.

27. The products designed and manufactured by Dekko, Furnlite and Metro contain trade dress that is functional and have not acquired distinctiveness.

28. The products designed and manufactured by Dekko, Furnlite and Metro do not have secondary meaning in the marketplace and consumers do not associate such trade dress with any single source or origin.

29. Dekko and Furnlite's advertisement, promotion, sale, and offering for sale of in-surface power distribution units and power supply products does not confuse, mislead or otherwise deceive consumers or the public as to the origin, source, sponsorship, or affiliation and will not cause the public to believe erroneously that such products have been authored, sponsored, approved, endorsed, or licensed by Metro or that Dekko or Furnlite are in any way affiliated with Metro.

30. Metro's assertions that Dekko and Furnlite are violating its legal rights and its threat to file a lawsuit irreparably injury Dekko and Furnlite and adversely affect their business and the investment they have made in their products. These assertions will continue to adversely affect Dekko and Furnlite's business until they are determined by this Court to lack merit.

31. The controversy between the parties is sufficient to entitle Dekko and Furnlite to a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. and Fed. R. Civ. P. 57 that Metro's

alleged trade dress is invalid as it is not distinctive and does not act as a source identifier. Because Metro does not have a valid trade dress, the Plaintiffs have not infringed and do not infringe upon any valid trade dress of Metro.

## PRAYER FOR RELIEF

**WHEREFORE**, Dekko and Furnlite request that this Court grant the following relief:

A. A declaratory judgment that Metro's alleged trade dress is invalid;

B. A declaratory judgment that Dekko and Furnlite have not infringed upon any trade dress of Metro.

C. Such other and further relief as the Court may deem just and proper.

**Respectfully submitted,**

**HALLERCOLVIN PC**
**ATTORNEYS FOR PLAINTIFFS**
**444 EAST MAIN STREET**
**FORT WAYNE, INDIANA 46802**
**TELEPHONE: (260) 426-0444**
**FAX: (260) 422-0274**
**EMAIL: jsf@hallercolvin.com**
**EMAIL: cheiny@hallercolvin.com**

**BY: /s/ *J. Spencer Feighner***
      J. SPENCER FEIGHNER (#27099-02)
      CHARLES J. HEINY (#15191-02)